# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

In re

ANGEL FIRE CORPORATION (THE) and
ANGEL FIRE SKI CORPORATION,

          Debtors.                        Lead Bankruptcy Case No.
93-12176-3a11

---

TRUETT L. SCARBOROUGH,

          Plaintiff,

v.                                 Adversary No. 11-1110-s

ANGEL FIRE RESORT OPERATIONS, LLC,
a New Mexico Limited Liability Company;
ASSOCIATION OF ANGEL FIRE
PROPERTY OWNERS, INC., a New Mexico
Nonprofit Corporation,

                                  USDC Appeal Case No.
          Defendants.             12-CV-01256-MCA-WPL

---

TRUETT L. SCARBOROUGH,

          Appellant,

v.

ANGEL FIRE RESORT OPERATIONS, LLC,
a New Mexico Limited Liability Company;
ASSOCIATION OF ANGEL FIRE
PROPERTY OWNERS, INC., a New Mexico
Nonprofit Corporation,

          Appellees.

**ORDER ADOPTING MAGISTRATE JUDGE'S**
**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter is before the Court on Magistrate Judge William P. Lynch's Proposed Findings and Recommended Disposition ("PFRD") (Doc. 50) and Truett L. Scarborough's objections thereto (Doc. 51). The PFRD recommended that the decision by the United States Bankruptcy Court for the District of New Mexico ("Bankruptcy Court") to dismiss Scarborough's complaint be affirmed and that Scarborough's appeal be dismissed. (Doc. 50 at 32.) Scarborough objects that (1) the Magistrate Judge erred in finding no "related-to" subject-matter jurisdiction in the Bankruptcy Court, (2) the Magistrate Judge erred in failing to engage in an analysis of arising-under and arising-in subject-matter jurisdiction, and (3) the Magistrate Judge's statement that a confirmed Chapter 11 reorganization plan is treated as a contract was claim preclusive. (Doc. 51 at 6, 12.) Having conducted a de novo review, the Court finds the objections to be without merit for the reasons set forth below.

I.      **Claim Preclusion**

As an initial matter, the Court notes that Scarborough objects to the Magistrate Judge's recognition that a confirmed plan is treated as a contract between the parties (Doc. 50 at 12-13, 28), claiming that this observation is claim preclusive (Doc. 51 at 12). His objection raises essentially the same arguments that he made in his appellate brief with respect to the underlying Bankruptcy Court dismissal (Doc. 43 at 31-32) and that the Magistrate Judge considered and rejected in the PFRD (Doc. 50 at 12-13). Having fully reviewed the matter de novo, the Court finds this objection to be without merit. The Court therefore overrules Scarborough's objection raised on claim preclusion grounds.

## II.    Jurisdictional Analysis

Next, Scarborough objects to the Magistrate Judge's decision to limit his analysis to determining whether related-to bankruptcy jurisdiction existed over Scarborough's claim, rather than also examining his complaint under principles of arising-under and arising-in jurisdiction. (Doc. 51 at 14-15.) In support, Scarborough argues that the Magistrate Judge's analytical approach, borrowed from the Third Circuit's decision in *Binder v. Price Waterhouse & Co., LLP (In re Resorts International)*, 372 F.3d 154, 163 (3d Cir. 2004), is not consistently followed in that circuit. (Doc. 51 at 14 (citing *Geruschat v. Ernst Young LLP (In re Seven Fields Dev. Corp.)*, 505 F.3d 237 (3d Cir. 2007)).) However, Scarborough's reliance on *In re Seven Fields* is misplaced. As he acknowledges in a footnote (*id.* at 14 n.3), the Third Circuit expressly observed in that case that "courts may choose to rely on 'related to' jurisdiction because it is the broadest category of federal bankruptcy jurisdiction when examining their own jurisdiction," *In re Seven Fields*, 505 F.3d at 260. While Scarborough may wish that the Magistrate Judge had engaged in an assessment of his claim under arising-under or arising-in jurisdiction, "it [was] certainly not incumbent upon [the Magistrate Judge] to do so." *Cf. id.* The Court is persuaded by the Third Circuit's analysis on this question and accordingly overrules Scarborough's objection.

## III.    Post-Confirmation Related-To Jurisdiction

The Court turns next to Scarborough's objections regarding the Magistrate Judge's conclusion that post-confirmation related-to jurisdiction did not exist over his claim. At the outset, the Court notes that although Scarborough at one point cites to a different test for such jurisdiction than the close-nexus test (*see* Doc. 51 at 13 (citing *Newby v. Enron Corp. (In re Enron Corp. Sec.)*, 535 F.3d 325, 335 (5th Cir. 2008))), he does not expressly object to the Magistrate Judge's decision to apply the close-nexus test. Indeed, Scarborough appears to

concede that the Tenth Circuit would likely apply this test to his complaint when gauging post-confirmation related-to jurisdiction. (*See* Doc. 51 at 20 ("Since the Tenth Circuit adopted the Third Circuit's *Pacor* test for related-to jurisdiction in pre-confirmation cases . . . it logically follows that it would also adopt [the Third Circuit's] close nexus test in an appropriate case." (internal citations omitted)).) The Court, for its part, is persuaded by the Magistrate Judge's conclusion and agrees that the Tenth Circuit has effectively applied the close-nexus test when assessing post-confirmation related-to jurisdiction.

Scarborough does object to the Magistrate Judge's definition of the test's contours and his application of the test to Scarborough's complaint. Rearranging his objections for the sake of clarity, Scarborough first objects that the Magistrate Judge's interpretation of the test, requiring a close nexus between the post-confirmation proceeding and a demonstrable effect on the debtor or Chapter 11 plan, was inappropriate. Second, Scarborough objects that his claim for plan interpretation nonetheless survives this interpretation of the close-nexus test. Third, Scarborough disputes several of the Magistrate Judge's conclusions regarding other potential bases for jurisdiction. Finally, Scarborough argues that the Bankruptcy Court possessed related-to jurisdiction over his complaint via its authority to exercise supplemental jurisdiction over claims.

*A.  Scope of the Close-Nexus Test*

In defining the close-nexus test, the Magistrate Judge relied in part on a decision by the Ninth Circuit's Bankruptcy Appellate Panel ("B.A.P.") concluding that the requisite "close nexus" must exist between the post-confirmation proceeding in question and "a demonstrable impact on the debtor or confirmed plan of reorganization." *Cal. Franchise Tax Bd. v. Wilshire Courtyard (In re Wilshire Courtyard)*, 459 B.R. 416, 428 (B.A.P. 9th Cir. 2011) (citations omitted). Scarborough objects that Third Circuit caselaw suggests a broader application of the

4

close-nexus test. (*Id.* at 21.) He also objects that this B.A.P. decision relies heavily on inapplicable Ninth Circuit caselaw and therefore has no bearing here. (Doc. 51 at 21-23.)

    i.    <u>Third Circuit Caselaw</u>

The application of the close-nexus test in the Third Circuit is especially relevant, as the test builds off of the Third Circuit's "conceivable effects" test for pre-confirmation related-to jurisdiction that the Tenth Circuit has adopted. *See Gardner v. United States (In re Gardner)*, 913 F.2d 1515, 1518 (10th Cir. 1990) (citing *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)); *see also* Doc. 47 at 6 n.2. To challenge the Magistrate Judge's determination that the Ninth Circuit B.A.P. decision in *In re Wilshire Courtyard* was "consistent with . . . the Third Circuit's explication of the close-nexus test" (Doc. 50 at 24), Scarborough argues that the Third Circuit "require[s]" a court to exercise jurisdiction when a claim calls for plan interpretation (Doc. 51 at 24). Scarborough also cites to a case that he says "clearly [used] a much broader application of the close nexus test than that found in *Wilshire Courtyard*." (Doc. 51 at 21 (citing *In re Seven Fields*, 505 F.3d 237).)

Scarborough says that he is simply asking the Bankruptcy Court to interpret the Chapter 11 plan, "exactly as is required by *Resorts Int'l*," the case where the close-nexus test was born. (*See id.* at 24 (citing *In re Resorts Int'l*, 372 F.3d 154).) However, Scarborough misreads that case. The Third Circuit's decision in *In re Resorts International* plainly holds that "[m]atters that affect the interpretation . . . of the confirmed plan will *typically* have the requisite close nexus." *See* 372 F.3d at 167 (emphasis added). While this language suggests a useful guidepost for determining whether a close nexus might exist between a proceeding and a bankruptcy case, it does not "require" a Bankruptcy Court to find jurisdiction simply because a reorganization plan may need to be interpreted. The Magistrate Judge accurately cited to *In re Resorts International*

itself to highlight an approving reference to a case where jurisdiction was denied, even though the action in question required more than mere plan interpretation. (Doc. 50 at 22 (citing *In re Resorts Int'l*, 372 F.3d at 168).) There is no authority in the Third Circuit supporting Scarborough's assertion that jurisdiction automatically exists over all claims that call for plan interpretation.

Moreover, despite Scarborough's assertion to the contrary (Doc. 51 at 21), the Third Circuit expressly refused to apply the close-nexus test in *In re Seven Fields*. *See* 505 F.3d at 259-60 ("The bankruptcy and district courts were not required to address the 'close nexus' test because the test was not applicable in this 'arising in' proceeding."). Further, the Third Circuit's approval of arising-in jurisdiction in that case involved claims against professionals appointed and supervised by the bankruptcy court during the underlying bankruptcy case. *Id.* at 259-63. A key factor in that holding was the bankruptcy court's reliance on alleged misrepresentations by accountants the court had itself appointed and supervised, a narrow situation that implicated the integrity of the bankruptcy process. *See id.* at 261-62 (citing *Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.)*, 163 F.3d 925, 931 (5th Cir. 1999)). By contrast, Scarborough's claim simply calls for interpretation of certain provisions of a bankruptcy case's reorganization plan. Other than a conclusory statement from Scarborough, the Court does not have any reason to believe that the Third Circuit's analysis in that case was broader in scope than any version of the close-nexus test.

ii.     <u>*In re Wilshire Courtyard*</u>

Scarborough also objects that the "demonstrable effects" standard should not be applied to his complaint, arguing that it relies on Ninth Circuit precedent that is itself inapplicable to his case. The weakness with this objection is that the Magistrate Judge, relying on *In re Wilshire*

*Courtyard* solely for its persuasive value, primarily cited the case for its interpretation of Third Circuit caselaw. (*See* Doc. 50 at 22 ("[E]ven the Third Circuit has applied the close-nexus test in a narrower manner than its language might suggest." (citing 459 B.R. at 428-30)); *id.* (noting the B.A.P.'s conclusions from "[r]eviewing the Third Circuit's treatment of relevant cases" (citing 459 B.R. at 428)).) Whether or not the underlying Ninth Circuit cases cited by Scarborough are distinguishable from the instant case, any such differences do not undermine the Magistrate Judge's reliance on the B.A.P.'s persuasive interpretation of Third Circuit caselaw in determining the appropriate scope of the close-nexus test.

The Magistrate Judge found that the Ninth Circuit B.A.P.'s description of the close-nexus test's contours was accurate with respect to the Third Circuit, consistent with the test's application by other courts, and consistent with Tenth's Circuit precedent regarding post-confirmation related-to jurisdiction. (*See* Doc. 50 at 24.) The Court has already disposed of Scarborough's objections with respect to consistency with Third Circuit precedent, and Scarborough does not otherwise challenge the Magistrate Judge's conclusion that the "demonstrable effects" standard is consistent with the application of the close-nexus test in the Tenth Circuit and other courts. Accordingly, the Court finds no error with respect to the Magistrate Judge's interpretation of the close-nexus test.

B. *Application of the Close-Nexus Test to Plan Interpretation Claim*

Scarborough also objects that even if the Magistrate Judge correctly interpreted the close-nexus test, his complaint nonetheless falls within that test's parameters, as "there is a demonstrable [e]ffect on the scope of assets available to creditor Property Owners pursuant to the [Chapter 11] Plan that stem from Scarborough's claims." (Doc. 51 at 24; *see also id.* at 7-8.) The Magistrate Judge addressed this argument in his PFRD. (*See* Doc. 50 at 27 ("[T]he property

owners are no longer creditors of the bankruptcy estate at this stage of proceedings. Consequently, there is no way that this action could affect recovery by the relevant creditors, since there are no longer any creditors whose recovery could be affected." (internal citations and quotation marks omitted)).) The Court finds no error in this analysis, and as such Scarborough's objection on this point is overruled.

Scarborough further contends that his complaint meets the close-nexus test because interpretation of the negative easement at issue affects the implementation of the Chapter 11 plan. (Doc. 51 at 7, 24.) This argument mirrors those made in his earlier filings and rejected by the Magistrate Judge, who held that interpretation of the easement in these circumstances would serve no bankruptcy administration purpose and would not have any demonstrable effect on the estate, debtor, or plan itself. (*See* Doc. 50 at 26-28.) Having reviewed the pleadings and arguments de novo, the Court agrees with the Magistrate Judge's analysis. Accordingly, Scarborough's objections on this point are overruled.

### C. Remaining Arguments for Jurisdiction Under the Close-Nexus Test

Other than the claim for plan interpretation itself, the Magistrate Judge also considered several additional allegations that Scarborough believed would vest the Bankruptcy Court with jurisdiction over his claim. The Magistrate Judge rejected each one as a basis for jurisdiction, and Scarborough argues that four of these conclusions were erroneous.

First, the Magistrate Judge found that even if the Property Owners' Committee ("POC") in the underlying bankruptcy may be analogous to a bankruptcy litigation trust, the involvement of such a trust does not by itself create post-confirmation related-to jurisdiction. (*See* Doc. 50 at 30.) Scarborough contends that the Magistrate Judge misunderstood his argument, stating instead that it is Angel Fire Resort Operations, LLC, not the POC, who has a duty, "in trust, to apply the

assessments collected from property owners to the providing [of] amenities for them." (Doc. 51 at 11-12.) Even if the Magistrate Judge mischaracterized the nature of Scarborough's trust analogy, Scarborough's objection does not undermine the Magistrate Judge's holding that the involvement of a trust or its analogue created in a bankruptcy proceeding "cannot itself create post-confirmation related-to jurisdiction in an action if, as here, the requisite close nexus to the underlying bankruptcy case is not otherwise present." (Doc. 50 at 30 (citation omitted).) This objection must therefore be overruled.

Next, the Magistrate Judge held that any denial of due process to Scarborough during the POC adversary proceeding was irrelevant to the question of Bankruptcy Court jurisdiction over Scarborough's claim here, since the Chapter 11 plan and the relevant supplemental declaration were a product of the lead bankruptcy case rather than the POC proceeding. (*Id.*) Scarborough objects that the documents are inextricably linked with the POC proceeding (Doc. 51 at 8), a position that he already expressed in his appellate brief (Doc. 43 at 27-28) and that the Magistrate Judge considered and rejected (Doc. 50 at 30-31). The Court, having examined the question de novo, agrees with the Magistrate Judge's analysis on this issue and will overrule Scarborough's objection.

On a related note, Scarborough asserts that the Magistrate Judge, "in dictum, examine[d] the sufficiency of [his] claim that he was not afforded due process in the POC Adversary Proceeding, suggesting that there is no factual basis for that claim pled." (Doc. 51 at 12.) This assertion mischaracterizes the Magistrate Judge's analysis, since he was plainly addressing whether the pleadings sufficed to create Bankruptcy Court jurisdiction over Scarborough's complaint, rather than addressing the merits of Scarborough's claim or the existence of a factual basis to support it. (*See* Doc. 50 at 30-31.) Regardless, as Scarborough recognizes in raising this

matter, the Magistrate Judge's statement served as dictum and had no bearing on his recommendation that the Bankruptcy Court be affirmed. (*See id.*) Accordingly, there is no error here to address.

Finally, the Magistrate Judge concluded that where Scarborough raised questions regarding "whether claims [existed] against owners of the Lots at the time of the filing of the Lead Bankruptcy," he was effectively raising the same questions of plan interpretation that were already deemed insufficient for creating jurisdiction in the Bankruptcy Court. (*See* Doc. 50 at 31.) Scarborough responds that "this is not the sole basis" for believing that bankruptcy court jurisdiction existed. (Doc. 51 at 13.) He does not, however, object to the Magistrate Judge's conclusion on this point, and the Court, having reviewed the matter de novo, does not disagree with the Magistrate Judge's analysis.

### D. Supplemental Jurisdiction

Regardless of the close-nexus test, Scarborough also argues that a bankruptcy court's related-to jurisdiction inherently encompasses a district court's supplemental jurisdiction under 28 U.S.C. § 1367(a) "over all other claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III."[1] (*See* Doc. 51 at 20-21.) He cites only to a Ninth Circuit case on this point (*id.* (citing *Sasson v. Skoloff (In re Sasson)*, 424 F.3d 864, 869 (9th Cir. 2005))), and it appears that the Tenth Circuit has not squarely addressed the relationship between a district court's supplemental jurisdiction under § 1367(a) and a bankruptcy court's original jurisdiction over bankruptcy

---

[1] This objection was arguably waived, as Scarborough never argued in his appellate brief or reply that supplemental jurisdiction existed over his claim or that such jurisdiction would inherently fall under the concept of related-to jurisdiction. *See ClearOne Commc'ns, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1184-85 (10th Cir. 2011) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996). That said, because the issue goes towards the scope of related-to jurisdiction, a matter that the Magistrate Judge addressed in some detail and that Scarborough has objected to in general terms, the Court will consider the question for the sake of completeness.

10

matters under 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(b). Indeed, the question has been the subject of serious dispute for quite some time. *See generally* Susan Block-Lieb, *The Case Against Supplemental Bankruptcy Jurisdiction: A Constitutional, Statutory, and Policy Analysis*, 62 FORDHAM L. REV. 721 (1994).

It is a question the Court need not address today, however, because even if a bankruptcy court can theoretically exercise supplemental jurisdiction over claims, it may do so only if it already has original jurisdiction over another claim in the same proceeding. *See* 28 U.S.C. § 1367(a). Even in the underlying decisions relied upon by the Ninth Circuit in *In re Sasson*, supplemental jurisdiction was only recognized over claims in bankruptcy proceedings where the plaintiff had also brought claims that were covered by the bankruptcy court's original jurisdiction as defined by 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(b). *See Montana v. Goldin (In re Pegasus Gold Corp.)*, 394 F.3d 1189, 1194-95 (9th Cir. 2005) (exercising supplemental jurisdiction over state law claims where a close nexus existed between an additional claim in the same proceeding and the underlying bankruptcy case); *see also Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1008 n.5 (9th Cir. 1997) (same where an additional claim in the same proceeding was related to a bankruptcy case). Here, Scarborough only brought a single claim – a declaratory action seeking to define the scope and effect of a negative easement devised as part of a bankruptcy case. (Doc. 2 at 32.) Without another claim in the same proceeding over which the Bankruptcy Court could have exercised original jurisdiction, Scarborough cannot claim that supplemental jurisdiction existed over his declaratory action.

### E.  Conclusion

Having engaged in a full de novo review of Scarborough's claim and the relevant law, the Court concludes that the Magistrate Judge correctly determined that post-confirmation related-to

jurisdiction did not exist over Scarborough's complaint. Scarborough's objections on this point are therefore overruled in their entirety. Consequently, the Court need not address his arguments regarding arising-under and arising-in jurisdiction (Doc. 51 at 16-18). *See In re Resorts Int'l*, 372 F.3d at 163.

### CONCLUSION

IT IS THEREFORE ORDERED that:

1)  the PFRD (Doc. 50) is adopted by the Court;

2)  the Bankruptcy Court's findings and decision are hereby AFFIRMED; and

3)  this appeal is DISMISSED.

M. CHRISTINA ARMIJO
Chief United States District Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.